IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID ALLEN McQUEEN,<br><br>Defendant. | CR 10-01-GF-BMM<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

The United States of America accused Mr. McQueen of violating his conditions of supervised release by (1) failing to complete sex offender treatment; (2) possessing pornography; (3) possessing Internet-capable devices; and (4) having an unauthorized sexual relationship with resident at the Great Falls Transition Center. Mr. McQueen admitted to the violations. Mr. McQueen's supervised release should be revoked. He should be placed in custody for three months, with fifty-seven months of supervised release to follow.

## II. Status

On March 9, 2010, Mr. McQueen pleaded guilty to activities relating to material constituting or containing child pornography. On June 24, 2010, United

1

States District Judge Sam Haddon sentenced Mr. McQueen to seventy-two months custody, followed by sixty months of supervised release. (Doc. 32.) Mr. McQueen's term of supervised release began on May 12, 2015.

**Petition**

On September 19, 2016, the United States Probation office filed a Petition for Warrant or Summons and Order alleging that Mr. McQueen violated his supervised release by (1) failing to complete sex offender treatment; (2) possessing pornography; (3) possessing Internet-capable devices; and (4) having an unauthorized sexual relationship with resident at the Great Falls Transition Center.

**Initial appearance**

Mr. McQueen appeared before the undersigned on September 29, 2016, in Great Falls, Montana. Federal Defender Tony Gallagher accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. McQueen said he had read the petition and understood the allegations. Mr. McQueen waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. McQueen admitted that he violated the conditions of his supervised

release by (1) failing to complete sex offender treatment; (2) possessing pornography; (3) possessing Internet-capable devices; and (4) having an unauthorized sexual relationship with resident at the Great Falls Transition Center. The violations are serious and warrant revocation of Mr. Dailey's supervised release.

Mr. McQueen's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for sixty months to life, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence of time served with fifty-nine of supervised release to follow that. Mr. Weldon recommended a sentence between three and five months incarceration with supervised release to follow.

### III. Analysis

Mr. McQueen's supervised release should be revoked because he admitted violating its conditions. Mr. McQueen should be sentenced to three months of incarceration, fifty-seven months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

## IV. Conclusion

Mr. McQueen was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. McQueen's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

1. David Allen McQueen violated the conditions of his supervised release by (1) failing to complete sex offender treatment; (2) possessing pornography; (3) possessing Internet-capable devices; and (4) having an unauthorized sexual relationship with resident at the Great Falls Transition Center.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. McQueen's supervised release and committing Mr. McQueen to the custody of the United States Bureau of Prisons for three months, with fifty-seven months of supervised release to follow that.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 3rd day of October, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge