IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-01-GF-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| DAVID ALLEN MCQUEEN, | |
| Defendant. | |

### I. Synopsis

The United States of America accused Mr. McQueen of violating his conditions of supervised release by 1) being terminated from sex offender treatment, 2) possessing a smartphone without notifying his probation officer, 3) viewing pornographic materials, 4) possessing a device with access to the internet without permission, and 5) committing another crime. Mr. McQueen admitted to violation 1 through 4, but denied violation 5. Mr. McQueen's supervised release should be revoked. Mr. McQueen should be sentenced to seven months custody, with fifty months of supervised release to follow. As a condition of his supervised release, if Mr. McQueen is deemed eligible for placement in a Pre-Release Center in Montana, he should spend the first 180 days of his supervised release in a Pre-

1

Release Center as directed by the United States Probation Office.

## II.  Status

On June 24, 2010, United States District Judge Sam Haddon sentenced Mr. McQueen to seventy-two months in custody, with sixty months of supervised release to follow, after Mr. McQueen pleaded guilty to Activities Relating to Material Constituting or Containing Child Pornography.  (Doc. 32).  Mr. McQueen's first term of supervised release began on May 12, 2015.

On October 26, 2016, the Court revoked Mr. McQueen's supervised release after he was terminated from sex offender treatment and had been involved in a sexual relationship with a resident of the Great Falls Transition Center, and that he had a pornographic video, a PlayStation 4, and an internet router.  United States District Judge Brian Morris sentenced him to three months custody with fifty-seven months of supervised release to follow.  (Doc. 47).  He began his current term of supervised release on December 20, 2016.

**Petition**

On June 29, 2018, the United States Probation office filed a Petition for Warrant or Summons and Order alleging that Mr. McQueen violated his supervised release.  The petition alleged that On June 28, 2018, Mr. McQueen was terminated from sex offender treatment.  The petition also alleged that Mr. McQueen

possessed a smartphone, which had a camera, for over a year without notifying his probation officer. Next, the petition alleges that on June 28, 2108, Mr. McQueen admitted to his probation officer that he had accessed pornography sites on his smartphone, and stated that he saved pictures of naked women on his phone. The petition further alleged that Mr. McQueen possessed an internet capable device (his smartphone) without permission from his probation officer. Finally, the petition alleged that on June 13, 2018, Mr. McQueen had been arrested for Embezzlement after allegedly stealing $1,900 from Burger King. (Doc. 49). Based on the petition, Judge Morris issued a warrant for Mr. McQueen's arrest. (Doc. 50).

### Initial appearance

Mr. McQueen appeared before the undersigned on July 10, 2018, in Great Falls, Montana. Federal Defender Tony Gallagher accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. McQueen said he had read the petition and understood the allegations. Mr. McQueen waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

### Revocation hearing

Mr. McQueen admitted that he violated the conditions of his supervised release as alleged in violations 1 through 4. Due to the pending nature of the

charge in violation 5, Mr. McQueen neither admitted nor denied the violation. The United States did not put on any evidence as to violation 5, and therefore has not met its burden with respect to that violation. The admitted violations are serious and warrant revocation of Mr. McQueen's supervised release.

Mr. McQueen's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for fifty-seven months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended that the Court sentence Mr. McQueen to a low end guideline sentence, recognizing that Mr. McQueen had an addiction and needed continued treatment. Mr. McQueen addressed the Court and stated that he relapsed because he lost his job. Mr. Weldon argued for a sentence of nine months, stating that this behavior is a red flag for reoffending with child pornography, and that this was Mr. McQueen's second revocation.

### III.  Analysis

Mr. McQueen's supervised release should be revoked because he admitted violating its conditions. Mr. McQueen should be sentenced to seven months in custody, with fifty months of supervised release to follow. As a condition of his

4

supervised release, if Mr. McQueen is deemed eligible for placement in a Pre-Release Center in Montana, he should spend the first 180 days of his supervised release in a Pre-Release Center as directed by the United States Probation Office. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. McQueen was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> David Allen McQueen violated the conditions of his supervised release by by 1) being terminated from sex offender treatment, 2) possessing a smartphone without notifying his probation officer, 3) viewing pornographic materials, and 4) possessing a device with access to the internet without permission.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. McQueen's supervised release and committing him to the custody of the United States

Bureau of Prisons for seven months, with fifty months of supervised release to follow. As a condition of his supervised release, if Mr. McQueen is deemed eligible for placement in a Pre-Release Center in Montana, he should spend the first 180 days of his supervised release in a Pre-Release Center as directed by the United States Probation Office.

Dated the 11th day of July, 2018.


_____
John Johnston
United States Magistrate Judge